## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

|                        |     |                      |
|------------------------|-----|----------------------|
| In re:                 | )   |                      |
|                        | )   |                      |
| P.P.C.O.M., INC.,      | )   | Chapter 7 (INV)      |
|                        | )   | Case no. 06-10069-LHK |
|                Debtor  | )   |                      |

## MEMORANDUM OF DECISION

The Chapter 7 trustee seeks turnover of a retainer paid by the debtor to an accounting

firm during the gap period between the filing of the involuntary petition and the entry of an order

for relief.  For the reasons that follow, the motion will be granted.

## BACKGROUND

This dispute began in the U. S. District Court for the District of Maine.  On March 6,

2007, Irving Oil Terminals, Inc. ("Irving") commenced a civil action against P.P.C.O.M., Inc.

(the "debtor") to sort out the competing claims and interests of Irving, the debtor, and other

parties in approximately 435,000 gallons of heating oil stored in a tank located in Winslow,

Maine.  Shortly thereafter, on March 10, 2006, the debtor paid a $35,000 retainer to the

accounting firm of Perry, Fitts, Boulette & Fitton.

On March 23, 2006, Irving and others commenced an involuntary chapter 7 case against

the debtor in this court, resulting in a stay of activity in the District Court.  After an emergency

hearing and without serious objection from the debtor, an interim trustee was appointed under 11

U.S.C. § 303(g) on March 30, 2006.  Among other duties, the interim trustee was to take

possession of the debtor's property, including all funds, pending the entry of an order for relief

or dismissal of the involuntary case.

1

On April 4, 2006, the debtor instructed Perry, Fitts to send $25,000 of the retainer to Filler & Associates ("Filler"), a second accounting firm. It is these funds that are in dispute. The interim trustee became aware this transfer on April 20, 2006 and demanded turnover of the retainer.

The order for relief was entered on May 3, 2006 and the interim trustee became a chapter 7 trustee with full powers. After further informal efforts to obtain turnover of the funds from Filler were unsuccessful, the trustee filed a motion the pending motion. Filler does not object to turning over the unearned portion of the retainer, roughly $10,000, but the earned portion of approximately $15,000. The trustee sees no distinction between earned and unearned funds because, in his view, Filler had no right to receive any of the debtor's funds as a retainer after the entry of the order appointing the interim trustee.

This Court has jurisdiction of this core proceeding and final judgment will enter pursuant to 28 U.S.C.§1334(b) and §157(b)(2)(E). This memorandum contains my findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

**DISCUSSION**

Filler asserts (1) that it was entitled to receive the funds as a retainer and apply them to services rendered during the gap period pursuant to 11 U.S.C. § 303(f); (2) that the appointment of an interim trustee did not prohibit the debtor from using property; (3) that it held a retainer as security for its services; and (4) contrary to the arguments of the Trustee, the case of Laime v. United States Trustee, 540 U.S. 526 (2004) has no applicability to this case. Each of these assertions is addressed in turn.

Section 303(f) provides:

> Notwithstanding section 363 of this title, *except to the extent that the court orders otherwise*, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been filed.

11 U.S.C.§ 303(f) (emphasis supplied).

Filler asserts that under the plain language of § 303(f), the debtor was free to employ professionals and pay them a retainer. This argument would carry force if an interim trustee had not been appointed to take possession of the debtor's assets. The order appointing the interim trustee directed him to, among other things, "take possession of the property and assets of Debtor and of its estate . . . ". That provision of the order was in accord with § 303(f) and altered the general rule that an involuntary debtor is permitted to retain control over its property until an order for relief is entered.

Related to its § 303(f) argument, Filler points out that another provision of the order appointing an interim trustee permitted the debtor to have reasonable access to its documents and records. It asserts that this provision overrides any restriction on the payment of a retainer. According to Filler, reasonable access to documents and records implies that the debtor's professionals would have access to them in the course of their professional duties; and, further, that they would be paid for performing services related to such duties. This suggestion is without merit. Access does not necessarily implicate professional services.

Filler asserts that it held the retainer as security for its services. While that could be true if Filler had a legitimate claim to the retainer, it is not so in this instance because, after the entry of the order appointing the interim trustee, the debtor had no right to transfer funds to Filler and no authority to direct others to make such a transfer. The transfer of $25,000 to Filler on April 4,

2007, occurred five days after the entry of that order.  The fact that the debtor had paid a retainer to Perry, Fitts prior to entry of the order appointing the interim trustee did not give the debtor the right to direct the transfer of a portion of the retainer after entry of that order.

Finally, although the trustee argued that the case of <u>Lamie v. United States Trustee</u> supports turnover of the retainer, Filler asserts that the case is inapplicable.  In <u>Lamie</u>, the Supreme Court determined that debtor's counsel could not be awarded fees in a chapter 7 case when counsel has not been employed pursuant to § 327.  540 U.S. at 538.  The <u>Lamie</u> holding is not helpful to either side. The issue here is not whether a debtor is entitled to hire a professional during the gap period.  The present question is whether a debtor may transfer property in payment of a professional retainer after the entry of an order directing an interim trustee to take possession of property of the debtor and the debtor's estate.  I conclude that a debtor may not do so.

A separate order will issue.

Dated:   July 5, 2007

_____
Louis H. Kornreich
Chief Judge, United States Bankruptcy Court

4